COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Humphreys and Senior Judge Duff


HUGHES SERVICE CORPORATION AND
 COMMONWEALTH CONTRACTORS GROUP,
 SELF-INSURANCE ASSOCIATION

                                        MEMORANDUM OPINION*
v.    Record No. 1403-00-2                  PER CURIAM
                                         OCTOBER 24, 2000
CLIFFORD A. WILLIAMS


          FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             (Anne M. Dobson; Thompson, Smithers, Newman,
             Wade & Childress, on brief), for appellants.

             No brief for appellee.


     Hughes Service Corporation and its insurer (hereinafter

referred to as "employer") contend that the Workers'

Compensation Commission erred in finding that Clifford A.

Williams proved that he sustained an injury by accident arising

out of and in the course of his employment on March 2, 1999.

Upon reviewing the record and opening brief, we conclude that

this appeal is without merit.  Accordingly, we summarily affirm

the commission's decision.  See Rule 5A:27.

     "In order to carry [the] burden of proving an 'injury by

accident,' a claimant must prove that the cause of [the] injury

was an identifiable incident or sudden precipitating event and

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

that it resulted in an <u>obvious sudden mechanical or structural change in the body</u>." <u>Morris v. Morris</u>, 238 Va. 578, 589, 385 S.E.2d 858, 865 (1989). "In determining whether credible evidence exists [to support the commission's ruling], the appellate court does not retry the facts, reweigh the preponderance of the evidence, or make its own determination of the credibility of the witnesses." <u>Wagner Enters., Inc. v. Brooks</u>, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "The fact that there is contrary evidence in the record is of no consequence if there is credible evidence to support the commission's finding." <u>Id.</u>

On appeal, we view the evidence in the light most favorable to the prevailing party below. <u>See</u> <u>R.G. Moore Bldg. Corp. v. Mullins</u>, 10 Va. App. 211, 212, 390 S.E.2d 788, 788 (1990). In granting Williams' application, the commission found as follows:

> [Williams] candidly admitted that he could not recall the exact date of the injury. It is apparent from the record, as well as the Deputy Commissioner's observations, that [Williams] had not reviewed records prior to the hearing that could have assisted him in pinpointing a date. When his memory was refreshed by review of Dr. [George A.] Parker's March 9, 1999, office note, he admitted that the accident could have occurred a week earlier when he first sought treatment from Dr. Powers. The United Healthcare Explanation of Benefits form confirms that [Williams] saw Dr. Powers on March 2, and March 5, 1999.
>
> . . . [Williams'] testimony regarding the repair of the roller assembly machine in early March and the heavy lifting required

-

> is corroborated by his coworker Walter Jones and by the company owner[, Wallace Hughes]. Mr. Jones corroborated that [Williams] reported pain to him immediately. Mr. Hughes stated that [Williams] reported to him that he experienced pain while coughing on March 5, 1999. [Hughes] admitted that [Williams] lost his balance while pulling out a piece of sheet metal. As both events--lifting the roller assembly and losing his balance--establish that [Williams] sustained a compensable injury by accident, and as both events are corroborated by witnesses, we find that [Williams] sustained his burden of proving a compensable injury by accident on or about March 2, 1999, which resulted in a left inguinal hernia.

In rendering its decision, the commission considered Dr. Parker's medical history, Williams' testimony, and the testimony of Jones and Hughes. The commission resolved any inconsistencies in this evidence in favor of Williams. It is well settled that credibility determinations are within the fact finder's exclusive purview. See Goodyear Tire & Rubber Co. v. Pierce, 5 Va. App. 374, 381, 363 S.E.2d 433, 437 (1987). Williams' testimony, which was corroborated by Jones and Hughes, provides credible evidence to support the commission's findings that he sustained an identifiable incident on March 2, 1999 that resulted in a sudden mechanical change in his body, i.e., a left inguinal hernia. Thus, those findings are conclusive on this appeal. See James v. Capitol Steel Constr. Co., 8 Va. App. 512, 515, 382 S.E.2d 487, 488 (1989). Those findings are sufficient

-

to prove an injury by accident arising out of and in the course of Williams' employment on March 2, 1999.

For these reasons, we affirm the commission's decision.

Affirmed.